UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rainforest Café, Inc.,

Plaintiff,

vs.

EklecCo L.L.C.,

Defendant.

Civil No. 02-CV-211 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Peter Cater & Shelley Parnell for Plaintiff.
David Schutz & Cynthia Arends for Defendant.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on May 31, 2002, on Defendant's Motion to Dismiss Based on Improper Venue and Failure to State a Claim upon Which Relief Can Be Granted [#2].[1] This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636. For the reasons which follow, this Court will recommend that Defendant's motion be granted.

## I. FACTUAL BACKGROUND

This action arises out of a declaratory judgment action against EklecCo L.L.C. ("Defendant" or "EklecCo") in Minnesota State Court seeking a determination of Rainforest Café, Inc.'s ("Plaintiff's or Rainforest Café's") liabilities and obligations as successor by merger to the original tenant under a 10 year lease with Defendant.

---

[1]Although Defendant's motion purports to seek relief under both Fed.R.Civ.P. 12(b)(3) (improper venue) and 12(b)(6) (failure to state a claim), the parties' papers only argued the venue issue. This Court's recommendation will only address the venue issue.

FILED JUL 1 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

A wholly owned corporate subsidiary of Plaintiff, "Rainforest-Lightning" was the original tenant in a signed 10 year lease with Defendant for restaurant space in the Palisades Center ("Center") mall in Clarkstown, New York, on August 7,1996. On December 29, 1996, Rainforest-Lightning entered into an assignment agreement with "Rainforest-Café-Mist" wherein Rainforest-Café-Mist assumed Rainforest Lightning's rights and obligations under the EclecCo lease. As part of the lease assignment, Rainforest-Café-Mist's liabilities as assignee were limited to its assets and accounts receivable related to the operation of the restaurant; however, Rainforest-Lightning specifically agreed that it would continue to have full, unlimited liability under the lease, as if no assignment had been made.

On April 15, 1998, Rainforest-Lightning and other Rainforest wholly owned corporations, were merged into Rainforest-Café-Mist, leaving Rainforest-Café-Mist as the surviving Corporation. Pursuant to the Merger Plan, Rainforest-Café-Mist expressly agreed that it was responsible for all the liabilities and obligations of each of the constituent corporations, including Rainforest-Lightning.

On September 21, 2000, Rainforest-Café-Mist merged with and into Rainforest, with the latter remaining as the surviving corporation. Shortly after this merger, on October 17, 2000, Rainforest, the surviving entity, acknowledged its continuing obligation and unlimited liability as the tenant under the lease in a letter to Defendant.

Several months after the merger, a dispute arose between the parties. Defendant wrote to Rainforest reminding it of its full, unlimited and continuing obligations under the lease as a result of its merger. On June 8, 2001, Rainforest secretly and unilaterally filed "Articles of Correction with the Minnesota Secretary of State" correcting its "mistake" of including Lighting in the April 15, 1998, merger filing.

After receiving the certified Articles of Correction undoing the Rainforest-Lightning Merger into Rainforest-Café-Mist, Rainforest filed the aforementioned declaratory action and within days abruptly ceased operations of the restaurant in the Center Mall. Defendant seeks to dismiss based on improper venue due to the forum selection clause in the lease, which specifically requires that all disputes regarding the lease or its interpretation shall be brought in the Supreme Court of New York, Onondaga County, and be governed by the laws of New York. In fact, an action is currently pending there involving the same parties and covering the very same issues.

The clause at issue specifically provides that: "any dispute concerning the application . . . of the lease . . . or the conduct of the parties shall be brought in the New York Supreme Court, Onondaga County." Rainforest concedes that it is now the tenant under the lease and as such is fully bound under the forum selection clause. Furthermore, the need to interpret Minnesota State Statutes (pertaining to Articles of Correction) is not a valid reason for not enforcing the forum selection clause, especially since Minnesota recognizes that other states are legally competent to apply the laws of Minnesota.

Rainforest claims that Defendant's Motion to Dismiss is misplaced because the issue of who is the successor in interest under Minnesota state law has nothing to do with the forum selection clause of the lease. Rainforest does not dispute that Rainforest-Lightning was erroneously merged with the parent company. Plaintiff declares that when the Minnesota Secretary of State accepted the Articles of Correction on June 6, 2001, they became effective as if the original merger articles were filed correctly, on April 18, 1998. Plaintiff contends this dispute is properly litigated in Minnesota because Rainforest's corporations are properly recognized Minnesota corporations.

Plaintiff also argues the merger at issue occurred in Minnesota and all the corporations

involved in the merger were Minnesota corporations, and the correction to the Articles of Correction were made in Minnesota. This dispute, argues the Plaintiff, is not about the lease or application or interpretation of the lease, but is simply about who is responsible, by virtue of assignment, for Rainforest-Lightning's liabilities.

## II. STANDARD OF REVIEW

In deciding a Defendant's 12(b)(3) motion to dismiss, the Court must assume all facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). The Court grants a motion to dismiss only if it is clear beyond any reasonable doubt that no relief could be granted under any set of facts consistent with the allegations in the Complaint. Id. The Court may grant a motion to dismiss on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326 (1989). The Court need not resolve all questions of law in a manner which favors the complainant; rather, the Court may dismiss a claim founded upon a legal theory which is "close but ultimately unavailing." Id. at 327.

## III. CONCLUSIONS OF LAW

### A. Defendant's Motion to Dismiss for Improper Venue Should Be Granted

The Defendant moves for dismissal on the basis of venue because the proper forum for both the pending breach of contract dispute, and the declaratory judgment dispute is the New York Supreme Court, Onondaga County.

The current action was brought in the District of Minnesota pursuant to 28 U.S.C. § 1391(a) which provides that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a)

A corporate defendant is deemed to "reside" pursuant to subdivision (1) in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); Guidant Sales Corp. v. Niebur, No. 01-1772, 2002 WL 205575 (D.Minn. Feb. 7, 2002); K-Tel Int'l, Inc. v. Tristar Prod., Inc., 169 F.Supp.2d 1033 (D.Minn. 2001). Venue protects a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred. See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1576 (Fed. Cir. 1990), cert. denied, 499 U.S. 922, 111. "Where venue is challenged by a defendant, plaintiff bears the burden of proving that venue is proper in the forum state." Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C., et al., 927 F.Supp 731 (S.D.N.Y. 1996).

The facts here are very clear. More than a substantial part of the events, that gave rise to this claim, occurred in New York. Specifically, the object of this litigation is a lease agreement signed by Rainforest-Lightning and EklecCo, two businesses subject to jurisdiction in New York. The substance of the lease is property at the Center Mall in New York. The lease included a forum

selection clause that clearly delineates New York Supreme Court for any disputes. In addition, Rainforest-Café-Mist assumed Rainforest Lightning's rights and obligations under the EclecCo lease on December 29, 1996. Following the September 21, 2001, merger of Rainforest-Café-Mist with and into Rainforest, the surviving entity acknowledged its continuing obligation and unlimited liability as the tenant under the lease in its October 17, 2000, letter to Defendant. There is no reason that Defendant would have ever anticipated litigation in regards to this lease occurring anywhere other than the selected forum clause included in the lease. Defendant relied on the executed lease to dictate its obligations to the Plaintiff as they relate to this property. The District of Minnesota is neither convenient nor the place where the acts underlying the controversy occurred.

Therefore it is improper for this Court to decide the issue of liability under the lease, or the effect of the Article of Correction filed by Plaintiff following the October 17, 2000, letter acknowledging liability under the lease. In light of the foregoing, this Court concludes that proper venue would lie in the Supreme Court of New York, Onondaga County, pursuant to 28 U.S.C. § 1391.

## IV. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [#2] be **GRANTED**.

DATED: July 18, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection in made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.