**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

RAINFOREST CAFÉ, INC.,

Plaintiff,

v.

EKLECCO L.L.C.,

Defendant.

Civil No. 02-211 (JRT/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Peter W. Carter and Shelley L. Parnell, DORSEY & WHITNEY LLP, Suite 1500, 50 South Sixth Street, Minneapolis, MN 55402-1498 for plaintiff.

David Schultz and Cynthia Arends, HALLELAND LEWIS NILAN SIPKINS & JOHNSON P.A., 600 Pillsbury Center South, 220 South Sixth Street, Minneapolis, MN 55402, for defendant.

This matter is before the Court on plaintiff's objections to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel, dated July 18, 2002. Plaintiff objects to the Magistrate Judge's recommendation that the defendant's motion to dismiss based on improper venue be granted. The Court has reviewed *de novo* plaintiff's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court overrules plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge.

SEP 30 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## BACKGROUND

Plaintiff Rainforest Café, Inc. filed a declaratory judgment action in Minnesota state court seeking a determination of its liabilities to Defendant EklecCo L.L.C. under a 10-year lease. Plaintiff, a Minnesota corporation, owns and operates theme restaurants in several cities. Defendant is a limited liability company organized under the laws of the state of New York. Defendant timely removed the case to this Court, and moved for dismissal based on improper venue.

In August of 1996, defendant entered into a long-term lease agreement with the predecessor of plaintiff (Rainforest Café, Inc.-Lightening, a wholly owned subsidiary of Rainforest). The lease provided that plaintiff would lease from defendant space in the Palisades Center Shopping Center in Clarkstown, New York. That lease — specifically, a forum-selection clause in that lease — is the subject of this case.[1]

Four months after the original parties agreed upon the lease, Rainforest-Lightning entered into an assignment agreement with Rainforest-Café-Mist ("Mist") in which Mist assumed Rainforest-Lightning's rights and obligations under the EklecCo lease. As part of the lease assignment, Mist's liabilities as assignee were limited to its assets and accounts receivable related to the operation of the restaurant. Rainforest-Lightning specifically agreed that it would continue to have full, unlimited liability under the lease, as if no assignment had been made.

[1] The Forum Selection Clause provides that "This Lease, and any dispute concerning this Lease, shall be governed by the laws of the state of New York and any dispute concerning the application or any interpretation of any portion of the Lease . . . shall be brought in the New York Supreme Court." (Lease, § 23.14.)

On April 15, 1998, Rainforest-Lightning and other Rainforest wholly owned corporations were merged into Rainforest-Café-Mist. Rainforest-Café-Mist was the sole surviving corporation. Pursuant to the merger plan, Mist expressly agreed that it was responsible for all liabilities and obligations of each of the constituent corporations, including Rainforest-Lightning. Yet another merger occurred on September 21, 2000, when Rainforest-Café-Mist merged with and into Rainforest. Rainforest was the surviving corporation. Less than a month after this last merger, Rainforest acknowledged to EklecCo in a letter that the consolidation had occurred and Rainforest noted that it had "become the tenant under the above-referenced lease and assumed the obligations of the tenant under that lease."[2]

Several months after the merger, a dispute arose between the parties. Defendant wrote to Rainforest to remind it of its obligations under the lease as a result of the merger. On June 8, 2001, Rainforest filed "Articles of Correction with the Minnesota Secretary of State" correcting the inclusion of Lightning in the April 15, 1998 merger.[3] Shortly after receiving the certified Articles of Correction undoing the Rainforest-Lightning Merger into Rainforest-Café-Mist, Rainforest filed the declaratory judgment action, and stopped

[2] Plaintiff objects to the Magistrate Judge's interpretation of this letter. Specifically, plaintiff objects to the Magistrate Judge's characterization that in the letter plaintiff acknowledged "its continuing obligation and unlimited liability." (Rep. & Rec. at 6.) However, as plaintiff admits, the interpretation of that letter is not before the Court. Neither, this Court notes, is that interpretation relevant to the pending motion.

[3] Plaintiff also objects to the Magistrate Judge's characterization of the Articles of Correction as secret and unilateral. (Rep. & Rec. at 2.) Again, the nature of the filing of the Articles of Corrections — secret or public — is of no legal significance to the pending motion, as such this Court refrains from characterizing the nature of the filing.

operations in the restaurant at the Palisades property. Shortly before this case was removed to this Court, EklecCo commenced a lawsuit in New York Supreme Court, Onondaga County, against Rainforest for breach of lease. That lawsuit is pending in New York.

Plaintiff argues that the forum selection clause in the lease does not control this dispute, because the issue of who is the successor in interest under Minnesota law has nothing to do with the forum selection clause. Plaintiff argues that because Rainforest's corporations are properly recognized Minnesota corporations, and because the merger at issue occurred in Minnesota, venue is appropriate here.

**ANALYSIS**

This Court adopts the Magistrate Judge's discussion of the standard of review in a defendant's 12(b)(3) motion to dismiss for improper venue. The Court must assume all facts in the complaint to be true and must construe all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The court grants a motion to dismiss only if it is clear beyond any reasonable doubt that no relief could be granted under any set of facts consistent with the allegations in the complaint. *Id.* The court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neizke v. Williams*, 490 U.S. 319, 326 (1989). The court need not resolve all questions of law in a manner that favors the complainant; rather, the court may dismiss a claim founded upon a legal theory that is "close but ultimately unavailing." *Id.* at 327.

This Court agrees with the Magistrate Judge that defendant's motion to dismiss for improper venue should be granted, and agrees that this Court is not the proper forum for either the pending breach of contract dispute, or the declaratory judgment dispute.

In diversity cases, venue is appropriate in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a).[4] The events that gave rise to this claim occurred in New York. The subject of this case is a lease agreement signed in New York, regarding a lease of property in New York. In addition, the lease included a forum selection clause that clearly names the New York court as the appropriate venue to resolve disputes regarding the lease. Defendant had no reason to anticipate litigation in Minnesota, or, in fact, in any forum other than that provided by the forum selection clause. As the Magistrate Judge correctly concluded, the District of Minnesota is neither convenient, nor the place where the acts underlying the controversy occurred.

The Magistrate Judge correctly notes that the need to interpret Minnesota state statutes (pertaining to articles of correction) is not a valid reason for not enforcing the forum selection clause. Minnesota recognizes that other states are legally competent to apply the laws of Minnesota.

---

[4] Venue would also lie in a judicial district where any defendant resides, if all defendants reside in the same state, or in a judicial district where any defendant is subject to personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). Neither of these alternatives is relevant here.

## ORDER

Based upon the files, records, and proceedings, the Court **OVERRULES** plaintiff's objections [Docket No. 12] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 11]. Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Docket No. 2] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Sept. 30, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

FORMS\APPEALNO.CIV
Rev. August 11, 1995